■ LEE TURZILLO CONTRACTING CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38905.) — Judgment unanimously affirmed, with costs. Memorandum: Claimant has been awarded $38,820.88 as damages for delays caused by the State in connection with the performance of a contract for the rehabilitation of a dam that retained waters for use as a feeder to the Barge Canal. This use required that the work be done when the canal was not in operation. The specifications of the contract, among other things, called for noncorrosive plates to be welded to the interior of cast-iron outlet tubes in the dam. It is conceded that in the course of performance the welding operation was found to be impossible to accomplish. There is no serious dispute that several months passed while claimant and the State experimented with alternate methods of performing the operation and before agreement was reached and a supplemental contract executed. The possibility exists, however, that claimant's damages as fixed were not in their entirety proximately caused by this error of the State. Claimant was required to return the following year (1960) when the canal was closed and affix the plates by the agreed new method. There may be validity to the contention advanced by the State upon this appeal that absent this error on its part and due to the lack of diligence on the part of claimant the work other than the fixation of the plates to the interior of the tubes required to be done by use of a coffer dam or stop logs could not have been completed in any event during the 1959 season. But appellant mistakenly contends that for this reason claimant is entitled to no recovery. This position it is required to take on this appeal because upon the trial the nine items of damages totaling $33,757.29 plus 15% were stipulated by the State " if the claimant is entitled to recover." Even at this late date the State does not request a reversal and new trial on the issue of damages. It insists claimant is entitled to no recovery and as to this it is in error. In this posture of the appeal we have no alternative except to affirm. (Appeal from judgment of Court of Claims for claimant in an action for damages arising out of a contract.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.